```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Cornelia E. Poppinger,

    Plaintiff,

    v.                              Case No. 2:14-cv-492

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

      Plaintiff Cornelia E. Poppinger brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance benefits, and supplemental security income.  The ALJ reviewed the medical evidence in the record and held a hearing, at which plaintiff, accompanied by counsel, and a vocational expert testified.  In a decision dated January 11, 2013, the administrative law judge ("ALJ") found in step two of the five-step analysis required under the social security regulations that plaintiff had severe impairments consisting of a pain disorder, degenerative disc disease, degenerative joint disease, hypertension, a history of stress incontinence, obesity, obstructive sleep apnea, right wrist neuropathy, a depressive disorder, and a panic disorder without agoraphobia.  PAGEID 66.  The ALJ also determined that plaintiff's impairments, either alone or in combination, did not constitute a listed impairment.  PAGEID 66-68.  After considering the entire record, the ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform light work with some

limitations.  PAGEID 68.  The ALJ found that plaintiff was not capable of performing her past relevant work as a laundry worker and fast food worker (jobs performed at the full light and medium levels).  PAGEID 72-73.  Based on the testimony of Carl W. Hartung, a vocational expert, the ALJ held that there were significant numbers of jobs at the sedentary, unskilled level which plaintiff could perform given her age, education, work experience, and RFC, including that of file clerk, cashier, and office machine operator.  PAGEID 73-74.  The ALJ then concluded that plaintiff was not disabled.  PAGEID 74-75.

This matter is before the court for consideration of plaintiff's February 17, 2015, objections (Doc. 19) in response to the January 28, 2015, report and recommendation of the magistrate judge (Doc. 18), recommending that the decision of the Commissioner be affirmed.  The government has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of*

2

*Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff's objections concern her history of stress incontinence. She argues that the ALJ erred in failing to specifically address her stress incontinence in formulating the RFC determination. A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ is charged with determining a claimant's RFC. 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). In making that determination,

3

the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184 at *7 (Soc. Sec. Admin. July 2, 1006). The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). An individual claiming disability "bears the ultimate burden of establishing the existence of a disability." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). Thus, it is plaintiff's burden to prove the severity of her impairments. *See Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988).

This court notes that at step two of his analysis, the ALJ included plaintiff's history of stress incontinence in the listing of her severe impairments. However, step two of the sequential analysis is the means by which the Commissioner screens out totally groundless claims. *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985). Step two has been described by the Sixth Circuit as nothing more than a "*de minimis* hurdle." *Higgs*, 880 F.2d at 862. A claimant's severe impairment found at step two may or may not affect his or her functional capacity to do work. *Griffeth v. Comm'r of Soc. Sec.*, 217 F.App'x 425, 429 (6th Cir. 2007); *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862 at *4 (S.D.Ohio Aug. 3, 2012). Thus, the fact that an impairment has been deemed to be "severe" at step two of the analysis does not

4

mean that the impairment must be included in the claimant's RFC or in the hypothetical posed to the vocational expert. *Griffeth*, 217 F.App'x at 429; *see also Webb*, 368 F.3d at 633 (an impairment determined to be "severe" at step two need not be referenced in a hypothetical question to the vocational expert); *Shearman v. Comm'r of Soc. Sec.*, No. 1:12-cv-760, 2013 WL 6578770 (S.D.Ohio Dec. 16, 2013)(there is no legal requirement that every "severe" impairment be included in a hypothetical RFC, as a claimant's severe impairment may or may not affect his or her functional capacity to do work); *Walker*, 2012 WL 3187862 at *5 (a hypothetical RFC posed to a vocational expert need only reference a claimant's limitations, not a listing of all the claimant's medical impairments).

In addition, "[t]he rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts." *Redfield v. Comm'r of Soc. Sec.*, 366 F.Supp.2d 489, 497 (E.D.Mich. 2005). An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003). A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). In fashioning a hypothetical RFC to be posed to a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible. *Griffeth*, 217 F.App'x at 429; *Casey*, 987 F.2d

5

at 1235. An ALJ is not required to accept a claimant's subjective complaints, and "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones*, 336 F.3d at 476.

In determining the credibility of a claimant's statements about his or her symptoms, the ALJ considers: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate the symptoms; (5) treatment other than medication which the claimant receives or has received for relief of the symptoms; (6) any other measures claimant uses to relieve the symptoms; and any other factors concerning a claimant's functional limitations due to symptoms. 20 C.F.R. §§404.1529(c)(1)-(3) and 416.929(c)(3); SSR 96-7, 1996 WL 374186 (July 2, 1996); *Rogers*, 486 F.3d at 247.

The ALJ makes a determination of the credibility of the claimant based on a consideration of the entire case record. *Rogers*, 486 F.3d at 247. An ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict. *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990). It is for the ALJ, not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers*, 486 F.3d at 247. An ALJ's credibility determinations are accorded great weight and deference, and the court's role is limited to evaluating whether the ALJ's explanations for partially discrediting a

6

claimant's testimony are reasonable and supported by substantial evidence in the record. *Jones*, 336 F.3d at 476.

> In the instant case, the ALJ found that plaintiff has the
>
> > residual functional capacity to perform light work ... except she can only stand and walk a total of four hours out of an eight-hour workday, cannot climb ladders, ropes, or scaffolds, frequently handle and finger objects with the right hand (her dominant extremity), frequently stoop, kneel, crouch, and crawl, and occasionally climb stairs and ramps. Mentally, she cannot have more than superficial contact with others and cannot work where there are strict production quotas.

PAGEID 68. The ALJ noted that this RFC was "well supported by the record as a whole" and that the "record does not contain evidence of abnormal clinical and laboratory findings sufficient to document any further degree of loss of function." PAGEID 68.

The ALJ then concluded that the plaintiff's testimony "concerning the presence of incapacitating discomfort and associated functional limitations was not credible." PAGEID 69. The ALJ noted that he had considered the factors for determining credibility listed in §§404.1529(c)(1)-(3) and 416.929(c)(3) and SSR 96-7. PAGEID 69. The ALJ observed that plaintiff

> appears to have underlying medically determinable impairments that could reasonably cause some symptomatology. However, the pivotal question is not whether such symptoms exist, but whether those symptoms occur with such frequency, duration or severity as to reduce the claimant's residual functional capacity as set forth above or to preclude all work activity on a continuing and regular basis. In this case, a careful review of the record does not document sufficient objective medical evidence to substantiate the severity of the pain and symptoms and degree of functional limitations alleged by the claimant. The objective evidence fails to document the presence of any impairment or combination of impairments that could reasonably be expected to result in pain or other symptoms of such a severity or frequency as to preclude the range of work

described above.

PAGEID 70.

The ALJ recognized that plaintiff "has stress incontinence and has to use the restroom about a dozen times per day, as well as use pads to help with accidents/leaking." PAGEID 70. The ALJ further noted that plaintiff "takes medication, which has helped to reduce, but not eliminate, the incontinence." PAGEID 70. The medical records contained in the exhibit referenced by the ALJ indicate that plaintiff was prescribed Enablex on November 8, 2010, which improved her condition for a time. PAGEID 563. By August 2011, the Enablex was not working, and plaintiff's doctor prescribed Ditropan XL. PAGEID 589. On September 19, 2011, plaintiff reported that she was doing better on Ditropan. PAGEID 589. The ALJ concluded that plaintiff's stress incontinence and other impairments "do not cause functional limitations that exceed the residual functional capacity assessed herein, nor are the claimant's conditions as debilitating as alleged by the claimant." PAGEID 70. In support of this conclusion, the ALJ noted that "the claimant has presented minimal evidence that supports her testimony regarding her urinary frequency." PAGEID 71. The ALJ noted objective evidence consisting of a urodynamics test performed on August 23, 2010, which showed normal pressure/flow and a bladder voiding efficiency greater than 95 percent. The ALJ found that plaintiff's allegations of the frequency of restroom breaks was not supported by this evidence. PAGEID 72. The ALJ concluded that "the claimant has failed to meet her burden of providing objective evidence to support her allegations of urinary urgency and frequency." PAGEID 72.

8

The ALJ also stated that other considerations weighted against plaintiff's credibility, including her non-compliance related to the use of a CPAP machine to treat her sleep apnea, the fact the chiropractic treatment produced measurable improvement in her joint pain, and the fact that plaintiff has no mental health treating source. PAGEID 72. The ALJ also noted that treatment for plaintiff's conditions "has been conservative and non-aggressive" and that "[n]o treating source opined that the claimant was disabled." PAGEID 72.

The ALJ further observed that plaintiff's daily activities are not restricted to the extent that she would be precluded from the range of work assessed in the RFC. The ALJ referenced the March 7, 2011, evaluation by Dr. Lari Meyer, a psychologist. PAGEID 67. Plaintiff reported to Dr. Meyer that she was able to dress and bathe; cook occasionally; drive; perform household chores two to three times per week; watch television; talk to her neighbor and her husband's family; play computer games; do crosswords occasionally; drive three times per week; go grocery shopping with her husband about twice a month; attend doctor appointments; and help her husband with the cooking, dishes, laundry, mowing the lawn, and caring for their dog. PAGEID 67.

In conclusion, the ALJ stated:

> In summary, the location, duration, frequency, and intensity of the claimant's alleged symptoms, as well as precipitating and aggravating factors, are adequately addressed and accommodated in the above residual functional capacity. The objective evidence fails to document the presence of any impairment or combination of impairments that could reasonably be expected to result in pain or other symptoms of such a severity or frequency as to preclude the range of work described above.

9

> Considering the medical evidence and opinions discussed above, as well as the claimant's activities, I find that the claimant's subjective complaints and alleged limitations are not fully persuasive, and that she retains the capacity to perform work activities with the limitations set forth above.

PAGEID 72.

Plaintiff argues that the ALJ's assessment of her credibility is not supported by substantial evidence. She contends that the ALJ erred in failing to mention or take into account all of her testimony regarding her incontinency. However, as the magistrate judge correctly noted in her report and recommendation, Doc. 18, p. 11, an ALJ need not discuss every piece of evidence in the record for his decision to stand. *See Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).

> [I]t is well settled that: "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts."

*Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 508 (6th Cir. 2006)(quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)(citations and internal quotation marks omitted)). Further, an ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004). As the magistrate judge observed in her report and recommendation, Doc. 18, p. 10, the ALJ expressly referred to plaintiff's testimony related to her incontinence. *See* PAGEID 70. The fact that the ALJ did not specifically address each part of plaintiff's testimony does not

mean that he failed to consider her testimony.

Plaintiff also argued before the magistrate judge that the ALJ erred in determining that her chiropractic treatment and noncompliance with her CPAP treatment weighed against her credibility. As to the former, the magistrate judge noted that even though plaintiff reported a pain rating of 8 or 9 out of 10 in February, 2011, the chiropractor determined that plaintiff's symptoms were showing measurable improvement, and that it was not error for the ALJ to credit these assessments. Doc. 18, p. 12. Although the Commissioner agreed that the ALJ erred in finding that plaintiff was noncompliant with her CPAP treatment, the magistrate judge correctly determined, in light of the remainder of the ALJ's thorough evaluation of plaintiff's credibility, that this error was harmless. Even disregarding the comment concerning plaintiff's CPAP treatment, the ALJ's credibility determination was still supported by substantial evidence. *See* Doc. 18, p. 12.

Plaintiff further contends that the fact that her doctor had diagnosed incontinency and that she was receiving treatment for this condition was sufficient to establish that the condition affected her ability to work and should have been specifically addressed in the RFC. However, the ALJ, not a physician, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010). Not every diagnosable impairment is disabling. *Lee v. Comm'r of Soc. Sec.*, 529 F.App'x 706, 713 (6th Cir. 2013). As the magistrate judge correctly pointed out, the mere diagnosis of an ailment says nothing about the severity of the condition. Doc. 18, p. 14 (citing *Higgs*, 880 F.2d at 863). Rather, disability is determined

11

by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014). The ALJ was not required to specifically address plaintiff's incontinence in his RFC just because plaintiff was diagnosed as having, and was being treated for, urinary incontinence.

As the magistrate judge properly concluded, the ALJ's determination that the record lacked sufficient objective or credible evidence of any functional limitations posed by plaintiff's incontinence is supported by substantial evidence. *See* Doc. 18, p. 10. The ALJ correctly observed that no treating source had opined that plaintiff was disabled. PAGEID 72. The record contains no statement from plaintiff's treating urologist that plaintiff's stress incontinence functionally limited her ability to work in any way. As the magistrate judge noted, the "medical evidence related to plaintiff's incontinence is sparse and does not support plaintiff's allegations of urgency and frequency." Doc. 18 at 10. The only objective evidence, a urodynamics test performed on August 23, 2010, showed normal pressure/flow and a bladder voiding efficiency greater than 95 percent, and plaintiff was being treated with prescription medication with positive results. PAGEID 563, 566, 589. The Sixth Circuit has upheld findings of no severe impairment where, as here, the doctors' reports are silent regarding any limitation caused by the diagnosed impairment. *See Higgs*, 880 F.2d at 863; *see also Long v. Apfel*, 1 F.App'x 326, 331 (6th Cir. 2001)(affirming the Commissioner where doctors' reports contained no statement indicating that claimant's health problems resulted in any specific work-impairing limitations, and showed

that those conditions were being treated with prescription medication); *Cash v. Comm'r of Soc. Sec.*, No. 3:13-cv-73, 2014 WL 4211027 at *5 (S.D.Ohio Aug. 26, 2014)(affirming ALJ's RFC determination where record contained no evidence aside from plaintiff's own testimony, which the ALJ reasonably found not fully credible, to support any work-related limitation arising from plaintiff's endometriosis and/or right knee impairment).  The ALJ did not err in failing to specifically address plaintiff's stress incontinence in the RFC.

The court agrees with the report and recommendation of the magistrate judge, and finds that plaintiff's objections are not well taken.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act.  The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 18).  Plaintiff's objections (Doc. 19) are denied.  The Commissioner's decision is affirmed, and this action is dismissed.

Pursuant to sentence four of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.

It is so ordered.

Date: March 18, 2015                           s/James L. Graham      
                                                                             James L. Graham
                                                                          United States District Judge